————o————

## No. 5721.

## REIMAN MF'G. CO. vs. E. B. VASQUEZ, ET ALS.

### Syllabus.

1. An attested account based upon a contract for furnishing the woodwork required in a building at a fixed price, is sufficient under Act 134 of 1906, if it sets forth generally the nature and price of the contract and the payments made thereon.

2. A building is not completed within the meaning of Act 134 of 1906, until it is ready for final delivery and' has been tendered to the owner and he has accepted same, or is in default for not having done so.

Appeal from the Civil District Court, Parish of Orleans, Division "D," No. 95,120, Hon. Porter Parker, Judge.

Albert Guilbault, for plaintiff and appellee.

L. R. Hoover, attorney.

W. J. Hennessey, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

This is a suit by a sub-contractor against the owner and builder who had failed to provide security and to record their contract as required by Act 134 of 1906. On a prior appeal we set aside a judgment maintaining a plea of no cause of action and remanded the case. (8 Ct. of Appeal, 300). The owner now appeals from a judgment against him and the builder on the merits awarding plaintiff the full amount of his claim.

There is no merit in the appellant's first complaint to the effect that the sworn statement does not contain sufficient detail. The main claim of plaintiff is based on a contract for furnishing the woodwork required, and the account which, together with the accompanying affidavit sets forth the nature and price of the contract and the payments made thereon, is clearly sufficient. The other items are minutely detailed.

Gaiennie Company vs. Weir, No. 5630-3 of our docket decided 25th of November, 1912.

The appellant further contends that the sworn statement of plaintiff was served and recorded more than forty-five days after the completion of the building.

Service and recordation of the claim was had on September 29th, and the record discloses that the painting had not been completed, that the mantels and tiling had not been finished, that the doors were being fitted and hung and that the picture mouldings and carpet strips were being installed as late as August 20th; in fact, as late as August 26th plaintiff was delivering some of the very material for the price of which he sues and which was subsequently installed. Under the circumstances it

cannot be said that the building was ready for final delivery within forty-five days prior to September 29th.

**Gaiennie vs. Weir, supra.**

Nor is there any merit in the complaint that there is lack of sufficient proof that the materials furnished were actually used in the construction of the building. The plaintiff has proved delivery of the material to the builder, and the contractor to whom it was delivered testifies that this material was actually used in the course of construction.

We find no error in the judgment below and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, February 24th, 1913.

Rehearing refused, April 7th, 1913.

Dufour, J., takes no part.